...

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES ANDREW BUKOVSKY,<br><br>Petitioner,<br><br>v.<br><br>MAGGIE MILLER-STOUT.<br><br>Respondent. | CASE NO. C12-5875 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br><br>FEBRUARY 22, 2013 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The District Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state sentence. The petition is filed pursuant to 28 U.S.C. § 2254.

Petitioner presents one properly exhausted ground for relief; petitioner argues his exceptional sentence of three hundred and eighty-eight months must be reversed because the jury instructions did not define the aggravating factors of "deliberate cruelty" or "particular vulnerability" (ECF No. 5, page 4).The Court recommends that the petition be denied because this is a state law claim and not an alleged violation of any constitutional or federal right.

## BASIS FOR CUSTODY AND FACTS

A Pierce County jury convicted petitioner of second degree murder and found aggravating circumstances of deliberate cruelty and particular vulnerability. Petitioner was sentenced to three hundred and eighty-eight months of incarceration. Petitioner does not challenge his conviction in this petition, only the exceptional sentence (ECF No. 5).

The Washington State Supreme Court summarized the facts surrounding the conviction:

> In the early morning hours of September 5, 2006, Brian Lewis intervened in a fight between Gordon and a woman. A verbal confrontation between Lewis and Gordon escalated when Gordon hit Lewis in the face. As Lewis tried to run, he struck one of Gordon's friends, Anthony Knoefler. Gordon then punched Lewis several times, causing him to fall to the ground. Knoefler kicked Lewis in the head. Gordon and Bukovsky began punching and kicking Lewis while he was on the ground. A fourth man, Jesie Puapuaga, arrived and put Lewis in a chokehold while Gordon and Bukovsky continued kicking Lewis. The men dispersed when Knoefler saw a car coming and yelled that it might be police. Witnesses to the beating called law enforcement, and an ambulance arrived. While in the ambulance, Lewis suffered cardiac arrest and died about six minutes before the ambulance reached the hospital.
>
> On September 7, 2006, Gordon and Bukovsky were each charged with one count of murder in the second degree. [court's footnote 1. Knoefler pleaded guilty and testified for the State at Gordon and Bukovsky's trial. Puapuaga's case was severed when he filed an interlocutory appeal to this court, *State v. Puapuaga*, 164 Wn.2d 515, 192 P.3d 360 (2008). Br. of Resp't at 3. He entered a guilty plea in 2009, following his unsuccessful appeal.] On July 10, 2007, the State amended their respective informations to allege two aggravating circumstances: deliberate cruelty and particular vulnerability of the victim.
>
> At trial, the State offered the following jury instruction with regard to the deliberate cruelty aggravator:
>
>> For purposes of special verdict Question One the State must prove beyond a reasonable doubt that the defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim.
>
> Br. of Resp't, App. B (Jury Instruction 32). As to particular vulnerability the offered jury instruction read:
>
>> For purposes of special verdict Question Two the State must prove beyond a reasonable doubt that the defendant knew or

> should have known that the victim of the offense was particularly vulnerable or incapable of resistance.
>
> *Id*. (Jury Instruction 33). The defendants objected to the particular vulnerability instruction as being inapplicable to the case but did not object to the language of the jury instructions, nor did they propose alternative instructions.
>
> The jury found the defendants guilty of murder in the second degree, and found the presence of the aggravating circumstances. Given the aggravating circumstances, the State sought and the court imposed an exceptional sentence. The defendants appealed through separate counsel and filed separate briefing, though the Court of Appeals decided their cases together. The Court of Appeals concluded that the failure to instruct on the legal elements of "deliberate cruelty" and "particular vulnerability" constituted an error of constitutional magnitude that could be raised for the first time on appeal and that the error was not harmless. *State v. Gordon*, 153 Wn. App. 516, 521, 223 P.3d 519 (2009). Accordingly, it vacated the defendants' exceptional sentences.
>
> The State sought review, which we granted. *State v. Gordon*, 169 Wn.2d 1011, 236 P.3d 896 (2010).

(ECF No. 15, Exhibit 2, pages 2-4). *State v. Gordon*, 172 Wn.2d 671, 674-76 (2011). The Washington State Supreme Court reversed the Washington State Court of Appeals and reinstated the exceptional sentence. *State v. Gordon*, 172 Wn.2d at 682. The Washington State Supreme Court found that the issue regarding the jury instructions was a question of state law that did not rise to the level of "constitutional magnitude." *Id*. The Washington State Supreme Court concluded that the issue could not be raised for the first time on appeal. *Id*. at 681.

## PROCEDURAL HISTORY

The issue presented by petitioner is whether the exceptional sentence in his case must be reversed because the jury instructions did not define "deliberate cruelty" and "particular vulnerability." (ECF No. 5). Respondent concedes that the issue raised in this petition is exhausted (ECF No. 14, page 4). Petitioner and his co-defendants filed direct appeals (ECF No. 15, Exhibits 3 and 4). The Washington State Court of Appeals reversed the trial court's imposition of an exceptional sentence holding that the trial court's failure to define the

REPORT AND RECOMMENDATION - 3

1 aggravating factor terms violated the Supreme Court's holding in *Apprendi v. New Jersey*, 530
2 U.S. 466 (2000) and its progeny. (ECF No. 15, Exhibit 6, page 17-18). In *Apprendi* the Supreme
3 Court held that all facts necessary for sentencing other than the fact of prior convictions must be
4 found by the jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

5     The State sought review by the Washington State Supreme Court (ECF No. 15, Exhibit
6 7). The Washington State Supreme Court reversed the Washington Court of Appeals holding that
7 because the jury found the aggravating circumstances existed there was no violation of the
8 United States Supreme Court's ruling in *Apprendi*. The Washington State Supreme Court found
9 that the issue was strictly a matter of state law, not an issue of constitutional magnitude. (ECF
10 No. 15, Exhibit 2, pages 7-8). This petition followed (ECF No. 5).

## EVIDENTIARY HEARING NOT REQUIRED

12     Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C.
13 §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the
14 factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a
15 new rule of constitutional law, made retroactive to cases on collateral review by the Supreme
16 Court that was previously unavailable; or if there is (2) a factual predicate that could not have
17 been previously discovered through the exercise of due diligence; and (B) the facts underlying
18 the claim would be sufficient to establish by clear and convincing evidence that but for
19 constitutional error, no reasonable fact finder would have found the applicant guilty of the
20 underlying offense. 28 U.S.C. §2254(e)(2) (1996).

21     Petitioner's claims rely on established rules of constitutional law. Further, there are no
22 factual issues that could not have been previously discovered by due diligence. Finally, the facts
23 underlying petitioner's claims are insufficient to establish that no rational fact finder would have
24

REPORT AND RECOMMENDATION - 4

1   found him guilty of the crime. Petitioner does not contest his guilt, he only challenges the
2   exceptional sentence. Therefore, this Court concludes that an evidentiary hearing is not necessary
3   to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere alleged errors of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

//
//
//
//

| | |
|---|---|
| 1 | DISCUSSION |
| 2 | The Washington State Court of Appeals holding in this case expanded the reasoning of |
| 3 | the United States Supreme Court in *Apprendi* to include jury instructions (ECF No. 15, Exhibit |
| 4 | 6). The Washington Court of Appeals reasoned that for the purpose of sentencing these |
| 5 | aggravating factors were elements of the crime (ECF No. 15, Exhibit 6, page 1). |
| 6 | The Washington Supreme Court reversed holding that this is not an issue of |
| 7 | constitutional magnitude (ECF No. 15, Exhibit 2). The Washington State Supreme Court's ruling |
| 8 | is the opinion this Court reviews because it is the last reasoned opinion. *Morris v. Attorney Gen.* |
| 9 | *of State of California*, 36 Fed. Appx. 235, 237 (9th Cir. 2002)(*citing Ylst v. Nunnemaker*, 501 |
| 10 | U.S. 797, 801-04, (1991)). |
| 11 | This Court will recommend granting relief only if The Washington Supreme Court's |
| 12 | ruling resulted in a decision that was contrary to, or involved an unreasonable application of, |
| 13 | clearly established federal law, as determined by the Supreme Court; or resulted in a decision |
| 14 | that was based on an unreasonable determination of the facts in light of the evidence presented to |
| 15 | the state courts. 28 U.S.C. §2254(d). |
| 16 | Ordinarily, issues regarding jury instructions present questions of state law and are, |
| 17 | therefore, not susceptible to federal habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 71- |
| 18 | 72 (1991). A faulty jury instruction requires habeas relief only if the instruction by itself so |
| 19 | infected the entire trial that the resulting conviction violates due process. *Estelle v. McGuire*, 502 |
| 20 | U.S. at 72; *Boyde v. California*, 494 U.S. 370, 378 (1990); (*citing Cupp v. Naughton*, 414 U.S. |
| 21 | 141, 147 (1973)). A federal habeas court must determine whether there is a reasonable likelihood |
| 22 | that the jury has applied the challenged instruction in a way that violates the Constitution. |
| 23 | *Estelle*, 502 U.S. at 63 (*quoting Boyde v. California*, 494 U.S. at 380). |
| 24 | |

REPORT AND RECOMMENDATION - 6

In this case, the court's alleged failure to define the terms "deliberate cruelty" or "particular vulnerability" did not render the conviction a violation of due process. The evidence presented to the jury shows that the victim was beaten long after he was incapable of defending himself. One of the attackers, Mr. Puapuaga, held the victim in a choke hold so as to allow other attackers to continue kicking him after he was defenseless. The evidence submitted to the jury supports the jury findings of deliberate cruelty and particular vulnerability (ECF No. 15, Exhibit 4, attached findings of fact ¶ 7). The United States Supreme Court has not established any clearly defined standard for instructing the jury as to the meaning of "deliberate cruelty" or "particular vulnerability."

Therefore, the Washington State Supreme Courts' ruling does not violate clearly established law as determined by the United States Supreme Court. The Washington State Supreme Court's ruling follows the holding in *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). The Court concludes that this is a matter of state law, and not federal or Constitutional law. The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991). Accordingly, this Court recommends that this petition be denied.

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

1 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484
2 (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a
3 certificate of appealability with respect to this petition.
4     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
5 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
6 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
7 review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the time limit
8 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
9 February 22, 2013, as noted in the caption.
10     Dated this 25th day of January, 2013.

J. Richard Creatura
United States Magistrate Judge